UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO REYES HERNANDEZ, AR7908, | Case No. 17-cv-06769-CRB (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | (ECF No. 13) |
| ROSEMARY NDOH, Warden, | |
| Respondent. | |

Petitioner, a state prisoner at Avenal State Prison (ASP), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Clara County Superior Court. Per order filed on February 13, 2018, the court found that the two claims in the petition – (1) ineffective assistance of trial counsel in failing to investigate material witnesses and evidence, and (2) improper exclusion of impeachment evidence – appeared cognizable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent instead moved to dismiss the petition for failure to exhaust state judicial remedies as to both claims. In response, petitioner filed a motion for leave to amend. But because the motion did not set forth a proposed amendment the court denied it without prejudice and instructed petitioner, by no later than May 18, 2018, to "set forth his proposed amendment and explain how the amendment addresses the pending motion to dismiss for failure to exhausts all claims for relief." Apr. 18, 2018 Order (ECF No. 15) at 1. Petitioner never responded.

Respondent argues that the petition must be dismissed because petitioner did not exhaust state judicial remedies as to claim (1). The court agrees. The record shows that petitioner presented claim (1) to the Supreme Court of California in a petition for a writ of habeas corpus. But the state high court denied the petition on November 21, 2017 as follows: "The petition for writ of habeas corpus is denied. (See *People v. Duvall* (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonable available documentary evidence])." Mtn.

to Dismiss (ECF No. 13) Ex. D at 1. People v. Duvall may be cited by the Supreme Court of California to indicate that a claim was not alleged with "sufficient particularity," as was the case here. See King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003). But because this deficiency can be cured in a renewed state petition, state judicial remedies are not considered exhausted. See id.; see also Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) (denial of state petition with citation to In re Swain, 34 Cal. 2d 300, 304 (1949), for failure to allege with sufficient particularity can be cured in renewed petition). Petitioner must file a new state habeas petition in the Supreme Court of California in order to cure his earlier deficiency and exhaust claim (1).

Respondent's motion to dismiss (ECF No. 13) for failure to exhaust state judicial remedies as to all claims is GRANTED. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (mixed petition – one containing both exhausted and unexhausted claims – must be dismissed without prejudice). But when faced with a mixed petition, as is the case here, the district court must give the petitioner the option of either withdrawing his unexhausted claims and proceeding only on his exhausted claims, or of dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted. See Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); Olvera v. Giurbino, 371 F.3d 569, 573 (9th Cir. 2004).

Within 28 days of this order, petitioner must inform the court in writing whether he wishes to (1) withdraw his unexhausted claim and proceed only on his one exhausted claim, or (2) dismiss the entire mixed petition and return to federal court with a new petition once all claims are exhausted.[1] Failure to respond within the designated time will result in the dismissal of the entire mixed petition without prejudice to filing a new federal petition containing only exhausted claims.

**IT IS SO ORDERED**.

Dated: July 30, 2018

_____
CHARLES R. BREYER
United States District Judge

---

[1] Petitioner may be able to obtain a stay of these proceedings if he can show that there was good cause for his failure to exhaust the unexhausted claim in state court, and that the claim is potentially meritorious. See Rhines v. Webber, 544 U.S. 269, 277 (2005).

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO REYES HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>ROSEMARY NDOH,<br><br>    Defendant. | Case No. 3:17-cv-06769-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mauricio Reyes Hernandez ID: AR 7908
Avenal State Prison
PO Box 903
Avenal, CA 93204

Dated: July 30, 2018

                                          Susan Y. Soong
                                          Clerk, United States District Court

                                          By:_____
                                          Lashanda Scott, Deputy Clerk to the
                                          Honorable CHARLES R. BREYER